Caruthers, J.,
delivered the opinion of the Court.
This is an action for damages for failure to carry certain'beef cattle, and for injuries done to them by the agents of the defendant. There have been three verdicts for the plaintiff; the first was for $150; the next for $500; and the last for near $600.
The Circuit Judge granted two new trials, upon the ground that the verdicts were not warranted by the facts, and refused the third application, because he considered his power exhausted.
*171 By tbe act of 1801, ch. 6, sec. 59, “Not more than two new trials shall be granted to the same party, in the same cause at law, or upon the trial of an issue of fact in equity.” Car. and Nich., 500. The new trials in this case were both granted to the defendant. "We have had two cases reported in which that statute was construed ; one in 10 Yer., 499, and the other in 1 Hum., 16. In those cases it was decided that the restriction does not apply to cases where either of the new trials were granted for errors of the Court in charging the jury, or in the admission or rejection of evidence, or for misconduct of the jury, provided such ground be stated on the record at the time. This was an exception made by the Court to the letter of the statute. In this case, we are asked to make another exception, viz.: where new counts are added after the new trials have been granted. This we are not prepared to do; particularly where, as in this ease, the cause of action is still the same, though put in a different shape and form. How it might be in a case where, under the present broad statutes of amendment, a different cause of action is introduced in new counts, we need not now say. The application for rehearing refused, and the judgment of affirmance heretofore entered, will stand.